CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, APPELLANT, V. HORATIO ENDELL ERSKINE, APPELLEE.

FILED DECEMBER 17, 1908.   No. 15,379.

Adverse Possession: EVIDENCE. Plaintiff and defendant in ejectment claimed title from a common source. Defendant secured his title subsequent to the conveyance to plaintiff, but prior to the date plaintiff's deed was recorded. Defendant did not prove that his deeds or any of the conveyances in his chain of title subsequent to the deed to plaintiff had been recorded, nor prove the consideration paid by him therefor. As to one tract, he proved that for ten years next preceding the commencement of this suit a corn-crib had been built and maintained on said block by his grantors and himself, but did not prove that any other part of the block had been occupied by them, nor that said crib had not been built with plaintiff's permission. As to the other tract involved in the suit, defendant proved that it had been inclosed for more than ten years before the commencement of the suit, and occupied and used by different individuals during that time, but did not prove that he had succeeded to the possession of all of said occupants. *Held,* That the evidence did not sustain a judgment for defendant.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed.*

*Billingsley & Greene, M. A. Low, Paul E. Walker, Edward P. Holmes* and *G. L. De Lacy,* for appellant.

*Strode & Strode, contra.*

ROOT, J.

Action in ejectment. Trial to the court, and judgment for defendant. Plaintiff appeals.

1. The land involved in this action is the greater part of block "A" and a strip 30 feet in width off of the north side of block "B," in Prairie Home. The parties claim title thereto from a common source, plaintiff by virtue of a deed executed in 1890 and recorded in 1904, and defendant by mesne conveyance to him, the earliest in his chain of title being dated 1891. So far as the record discloses, none of those conveyances were ever recorded, nor has defendant furnished any evidence concerning the consideration paid therefor or the circumstances under which any of them were executed. In addition to finding generally for defendant, the court found that he had been in the open, notorious and adverse possession of said real estate for more than ten years next preceding the commencement of this action. We do not think that the evidence sustains the finding of adverse possession. Block "A" is a triangular-shaped tract of land. The testimony tends to prove that defendant's grantor, a few weeks more than ten years preceding the commencement of this suit, constructed a corn-crib on said block and that said crib has been used as a store house for corn since that day. The evidence does not disclose what use was made of that part of the block not occupied by the crib, or who controlled it nor what claim of title, if any, was made thereto by defendant or his grantors. The entire tract has not been inclosed, and the evidence falls far short of proving adverse possession of the entire block. As to the 30-foot strip on the north side of block "B," the evidence is undisputed that this land has been inclosed since the fall of

1892 or 1893; that the land has been used as a pasture part of said time and cultivated in some years. Different individuals are named as having used the land for pasture or cultivation, but the evidence fails to connect the possession of the occupants, or to show such a condition as would warrant a court in tacking the possession of the prior occupants to the possession of defendant. The burden was upon defendant to establish the defense of adverse possession. *Weeping Water v. Reed,* 21 Neb. 261.

2. Counsel for defendant argues that there was a mistake in the deed from the Foxes to plaintiff, and that those grantors only sold 100 feet in width of the land south of the center line of said railway. There are some circumstances shown by the evidence tending to support that theory, but a consideration of the entire record satisfies us that no such mistake was made.

Defendant may have a perfect defense to this action, but he has failed to establish it by the proof adduced. The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.